Alexis Howell
Carlson Law Group, LLC
645 G Street, Suite 100, #558
Anchorage, AK 99501
P: 907.677.8111
F: 907.917.2075
Email: alexis.h@bcarlsonlaw.com

CJA Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 3:21-cr-00062-JMK-MMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OBJECTION TO REPORT** |
| vs. | ) | **AND RECOMMENDATION ON** |
| | ) | **MOTIONS TO DISMISS FOR** |
| ROLANDO HERNANDEZ-ZAMORA, | ) | **ATTORNEY MISCONDUCT,** |
| | ) | **LACK OF JURISDICTION, AND** |
| Defendant. | ) | **BRADY VIOLATION** |
| | ) | |

**COMES NOW**, Defendant Rolando Hernandez-Zamora, by and through his counsel of record, Alexis E. Howell of Carlson Law Group, LLC, hereby files his objections to the Report and Recommendations issued by Judge Scoble on April 24, 2024.

### I. Attorney Misconduct

In order to establish ineffective assistance of counsel, the defendant must demonstrate that (1) counsel's performance was deficient, and (2) that such deficient performance prejudiced the defense.[1] Ineffective assistance is a violation of the right to

---

[1] *Strickland v. Washington*, 446 U.S. 668 (1984).

OBJECTION TO REPORT AND RECOMMENDATION ON
MOTIONS TO DISMISS FOR ATTORNEY MISCONDUCT, LACK OF
JURISDICTION AND BRADY VIOLATION *United States v. Hernandez-Zamora*
Page 1 of 6 Case No.: 3:21-cr-00062-JMK-MMS

Case 3:21-cr-00062-MAH   Document 206   Filed 05/08/24   Page 1 of 6

counsel guaranteed by the Sixth Amendment.[2] Although the Court correctly advises that ineffective assistance of counsel complaints are generally reserved for an appeal, should they rise to the level of misconduct of counsel, the case should be declared a mistrial.[3] Of particular concern is (1) the fact that Mr. Williams never requested an interpreter for Rolando despite being asked, (2) that he failed to communicate with Rolando throughout his representation and (3) that he shared privileged information. Taken together, these allegations are sufficient warrant a mistrial, as they raise concerns of misconduct and a concern that the defendant has not been properly informed as to the proceedings of this Court and this is an insurmountable prejudice to Rolando.

Should the Court disagree that the facts asserted are sufficient to potentially warrant a mistrial, Rolando would ask that the Court order an evidentiary hearing in this matter rather than denying this motion.

## II. Lack of Jurisdiction

Because the federal constitutional structure leaves local criminal activity to the states, statutes should not be read as intruding on that responsibility unless Congress clearly states that Federal statutes should have such a broad reach.[4] In Bond, the Court analyzed 18 USC § 229(a)(1) which prohibits anyone from knowingly "possess[ing]" "any chemical weapon."[5] In the same statute, "chemical weapon" is defined very broadly. In Bond, the

---

[2] *Id*.
[3] Fed. R. Crim. Pro. 26.3.
[4] *See generally, Bond v. United States*, 572 U.S. 844 (2014).
[5] *Id*.

OBJECTION TO REPORT AND RECOMMENDATION ON
MOTIONS TO DISMISS FOR ATTORNEY MISCONDUCT, LACK OF
JURISDICTION AND BRADY VIOLATION                             *United States v. Hernandez-Zamora*
Page 2 of 6                                              Case No.: 3:21-cr-00062-JMK-MMS

Case 3:21-cr-00062-MAH   Document 206   Filed 05/08/24   Page 2 of 6

defendant sought revenge against a woman who had allegedly had an affair with her husband. In order to enact this revenge, she spread two toxic chemicals on the woman's car, mailbox, and doorknob. Bond was tried under 18 USC § 229(a)(1), but later had her conviction overturned when the court found that § 229 "does not reach Bond's simple assault."[6] In coming to this decision, the Court looked to the "improbably broad reach" of the statutory definition of "chemical weapon."[7]

Turning to the instant case, when it was initially passed into law, the provisions of 18 USC § 2261A(2)(A) and (B) required an individual to travel across state lines to commit this crime. In fact, it was initially titled "Interstate Stalking."[8] As revisions came, they initially involved the use of the mail,[9] which the federal government clearly has the right to govern as it is a direct instrumentality of the federal government, not just interstate commerce. However, in its current iteration, a literal reading of the statute allows for "interstate commerce" to involve any communication means – cell phones, social media, internet, the mail, carrier pigeon, and even wholly intrastate communications. To read this statute so broadly is to federalize criminalize activity which is properly left to the state police power.

Indeed, the State of Alaska has seen fit to prosecute Rolando using this police power, and uses a statute similar to the federal statute. Using the same analysis as in Bond, this

---

[6] *Id*. at 854-956.
[7] *Id*. at 845.
[8] See 18 USC § 2261A, Act October 28, 2000 and Act January 5, 2006
[9] 18 USC § 2261A, Act January 5, 2006 and future iterations.

OBJECTION TO REPORT AND RECOMMENDATION ON
MOTIONS TO DISMISS FOR ATTORNEY MISCONDUCT, LACK OF
JURISDICTION AND BRADY VIOLATION *United States v. Hernandez-Zamora*
Page 3 of 6 Case No.: 3:21-cr-00062-JMK-MMS

Case 3:21-cr-00062-MAH   Document 206   Filed 05/08/24   Page 3 of 6

case is not properly in federal court and represents an encroachment on the traditional state role of implementing police power. There is no explicit Congressional intent for electronic communication to be so broad that it includes what might otherwise be a shouting match in the living room which has now been transcribed in text messages.

## III. Brady Violation

Although the Court contends that failure to extract Rolando's cell phone does not constitute a *Brady* violation, the analysis performed is incorrect. Brady stands for the proposition that suppression of evidence favorable to an accused upon request violates the Due Process Clause of the Fourteenth Amendment.[10] At the time that Brady was decided, cell phones did not exist, and therefore the question at issue in this case does not fit neatly into such an analysis. However, there is no doubt that this evidence is in "government possession" and is not accessible by Rolando, nor his counsel, despite extensive exculpatory evidence contained therein (to include impeachment material, texts contradicting other statements of the alleged victim, and geolocation data). To date, the Court and the Government have offered Rolando a prisoner's dilemma – waive use of this material or violate his constitutional right to remain silent by providing his cellphone pin. Just as if this evidence were documents contained inside a safe, requiring Rolando to provide the safe code or have zero access to the information contained within would be a suppression and withholding of exculpatory evidence.

---

[10] *Brady v. Maryland*, 373 U.S. 83 (1963).

OBJECTION TO REPORT AND RECOMMENDATION ON
MOTIONS TO DISMISS FOR ATTORNEY MISCONDUCT, LACK OF
JURISDICTION AND BRADY VIOLATION  *United States v. Hernandez-Zamora*
Page 4 of 6  Case No.: 3:21-cr-00062-JMK-MMS

Case 3:21-cr-00062-MAH   Document 206   Filed 05/08/24   Page 4 of 6

Although undersigned counsel recognizes this was not initially brought in Rolando's initial *pro se* motion, Rolando requests this Court find that he is entitled to an independent inspection of his cell phone, to include transfer of that phone out of FBI control to the control of an independent expert for examination. Thereby, Rolando believes that withholding this evidence is a *Brady* violation, but concedes that there is a remedy less than dismissal – that is, independent access to his cell phone.

IV.     **Conclusion**

For the aforementioned reasons, Rolando requests the Court refuse to adopt the Report and Recommendations and dismiss this case for jurisdictional reasons. In the alternative, he asks that this Court order an evidentiary hearing to determine if the misconduct of counsel is sufficient to warrant a mistrial and should find that the Government's refusal to allow an independent inspection of his phone constitutes a *Brady* violation, should they so refuse.

Respectfully submitted this 8th day of May 2024.

/S/ Alexis Howell
645 G Street, Suite 100, #558
Anchorage, Alaska 99501
P: 907.677.8111 / F: 907.917.2075
Alaska Bar No.: 2305038

OBJECTION TO REPORT AND RECOMMENDATION ON
MOTIONS TO DISMISS FOR ATTORNEY MISCONDUCT, LACK OF
JURISDICTION AND BRADY VIOLATION                             *United States v. Hernandez-Zamora*
Page 5 of 6                                                   Case No.: 3:21-cr-00062-JMK-MMS

Case 3:21-cr-00062-MAH    Document 206    Filed 05/08/24    Page 5 of 6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 8th day of May 2024, a true and accurate copy of the Foregoing Document has been caused to be served via electronic filing to the parties, including:

AUSA Jennifer Lowe Ivers

/S/ Alexis Howell
Alexis Howell

OBJECTION TO REPORT AND RECOMMENDATION ON
MOTIONS TO DISMISS FOR ATTORNEY MISCONDUCT, LACK OF
JURISDICTION AND BRADY VIOLATION                                *United States v. Hernandez-Zamora*
Page 6 of 6                                                      Case No.: 3:21-cr-00062-JMK-MMS

Case 3:21-cr-00062-MAH     Document 206     Filed 05/08/24     Page 6 of 6