S. LANE TUCKER
United States Attorney

JENNIFER IVERS
SETH BEAUSANG
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: jennifer.ivers@usdoj.gov
Email: seth.beausang@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | No. 3:21-cr-00062-JMK-MMS |
|---|---|
| Plaintiff, | |
| vs. | |
| ROLANDO HERNANDEZ-ZAMORA, | |
| Defendant. | |

**GOVERNMENT RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

The United States respectfully opposes defendant Rolando Hernandez-Zamora's Motion for Bill of Particulars at Docket 203.

**FACTUAL AND PROCEDURAL BACKGROUND**

Hernandez-Zamora asks the United States to "clarify the indictment" regarding (1) the "specific means" of interstate or foreign commerce; (2) the exact dates of the offense;

(3) the "discrete occasions" of the offense; and (4) which protective orders were violated during the offense. Doc. 203.

The defendant's current attorney was provided full discovery on March 15, 2024. That discovery, totaling about 38 GB of data, includes police and FBI reports, screenshots of text messages, translations of those messages, audio-recorded interviews, court documents – including protective orders – and interview notes. Specifically, the discovery includes detailed timelines of Hernandez-Zamora's conduct from January to May of 2020. It also includes interview notes detailing Hernandez-Zamora's course of conduct before 2020, such as demanding access to the victim's phone, randomly Facetiming her throughout the day, using the Friend Finder app to track her location, setting up a secret camera in her living room, and placing a tracker in her vehicle.[1] Additional Jencks material, such as grand jury transcripts, will be provided prior to trial. *See* Doc. 185 (discovery management order).

## LEGAL BACKGROUND

A criminal defendant has a right to know the offense with which he is charged, not "the details of how it will be proved." *United States v. Kendall*, 665 F.2d 126, 135 (9th Cir. 1981). The purpose of a bill of particulars is merely "to apprise the defendant of the specific charges being presented to minimize the danger of surprise at trial, to aid in preparation and to protect against double jeopardy." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). To determine whether a bill of particulars is necessary, the Court should

---

[1] The defendant can find this information at Hernandez-Zamora_00001705.

*U.S. v. Hernandez-Zamora*
3:21-cr-00062-JMK-MMS               Page 2 of 5

consider not only the indictment itself, but also "all other disclosures made by the government." *Id.* As a result, "[f]ull discovery will obviate the need for a bill of particulars." *Id.* (citing *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).

A defendant has a right to know the theory of the government's case but not all the evidence the government intends to produce at trial. *Giese*, 597 F.2d at 1181. For example, a defendant's request for the "when, where, and how" of the offense should be denied because such a request is "equivalent to a request for complete discovery of the government's evidence, which is not the purpose of the bill of particulars." *Id.*

## ARGUMENT

This Court should deny the defendant's motion. Here, the superseding indictment lays out a specific date range for the defendant's course of conduct, including the elements of the offense and an allegation that the conduct violated a protective order. Doc. 32. In addition to the indictment itself, Hernandez-Zamora acknowledges he has received a large volume of discovery. Doc. 203 at 4. The indictment and full discovery obviate the need for a bill of particulars. *See Long*, 706 F.2d at 1054.

Hernandez-Zamora's motion amounts to a request for the "when, where, and how" of the offense, which is not the purpose of a bill of particulars. *See Giese*, 597 F.2d at 1181. This court need not credit the defendant's claim that he is "entirely unable to determine which communications the government believes were 'cyberstalking.'" Doc. 203 at 8. That mischaracterizes the government's burden here. 18 U.S.C. § 2261A criminalizes "a course of conduct" that causes substantial emotional distress, not discrete acts, or

communications. *United States v. Osinger*, 753 F.3d 939, 944 (9th Cir. 2014). The discovery provided to the defendant lays out Hernandez-Zamora's course of conduct in detail.

Nor does *United States v. Ackell*, a First Circuit case, have any bearing on this Court's decision. 907 F.3d 67 (1st Cir. 2018). That decision involves the constitutionality of 18 U.S.C. § 2261A and includes only a passing reference to the district court's order for a bill of particulars, with no analysis of that decision. *Id.* at 71. Instead, this Court should rely on relevant Ninth Circuit precedent as cited above.

## CONCLUSION

Ultimately, Hernandez-Zamora has received discovery describing the alleged offense and his criminal course of conduct. Hernandez-Zamora has sufficient information to prepare for trial, avoid surprise, and protect himself from double jeopardy. This Court should deny the motion.

RESPECTFULLY SUBMITTED May 13, 2024 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney


/s Jennifer Ivers
JENNIFER IVERS
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2024 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s Jennifer Ivers