IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>ROLANDO HERNANDEZ-ZAMORA,<br><br>　　　　　　　Defendant. | Case No. 3:21-cr-00062-JMK<br><br>**ORDER GRANTING IN PART<br>BILL OF PARTICULARS** |

Before the Court is Defendant's Motion for Bill of Particulars at Docket 203 ("Motion"). At Docket 32, the Government indicted Defendant on a single count of cyberstalking in violation of 18 U.S.C. §§ 2261A(2)(A) and (B), 2261(b)(6). Pursuant to Federal Rule of Criminal Procedure 7(f), Defendant requests the Government clarify the indictment in four respects: (1) the specific means of computer service or electronic communication; (2) a narrowing of time within the four-year period indicted; (3) the number of discrete infractions; and (4) which protective orders were violated.[1] Defendant argues that the Indictment is vague, and "it is impossible to prepare for a defense" because of the expanse of time indicted, the volume of discovery, and the involvement of state and federal law enforcement.[2] The Government responded in opposition at Docket 213,

---

[1] Docket 203 at 1–2.
[2] *Id.* at 7.

arguing that (1) 38 GB of discovery was provided to counsel on March 15, 2024; (2) *Jenks* material will be provided prior to trial; and (3) precedent dictates that full discovery negates the need for a bill of particulars. For the reasons articulated below, the Court GRANTS IN PART and DENIES IN PART, the Motion for Bill of Particulars.

Rule 7(f) states that a court "may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." "A motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense."[3] Well-settled precedent guides that a bill of particulars has three functions:

> [T]o inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.[4]

A district court uses its sound discretion to grant or deny a bill of particulars.[5] A bill of particulars is not a tool of discovery.[6] Rather, a bill of particulars is appropriate if questions about trial preparation, surprise, or double jeopardy remain after full discovery.[7]

Current defense counsel is Mr. Hernandez-Zamora's seventh attorney, after a period of self-representation. Throughout litigation, Mr. Hernandez-Zamora has been

---

[3] *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).
[4] *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979); *see also United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991).
[5] *United States v. Clay*, 476 F.2d 1211, 1215 (9th Cir. 1973).
[6] *Giese*, 597 F.2d at 1180.
[7] *See United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984).

adamant about his right to a jury trial and his desire to proceed. The Government provided defense counsel with discovery on March 15, 2024. On May 2, 2024, the Court set this matter for trial for June 24, 2024, at the request of Defendant. Accordingly, the Court evaluates this Motion through the lens of an expedited trial timeline.

The First Superseding Indictment covers a four-year expanse of time and recites the elements of statute.[8] It does not provide specific factual details as to Defendant's conduct, nor does it articulate methods of communication.[9] Although full discovery, excepting *Jenks* material has been provided, it is insufficient to remedy the vague aspects of the indictment. Defense counsel must sort approximately 38 GB of discovery, which corresponds to 23,000 pages and numerous hours of media files. While it may be this District's custom to file broad indictments, in this case the First Superseding Indictment is too ambiguous to navigate full discovery successfully. This is a high volume of material to sort and prepare a trial-ready defense in just three months. Additional specificity would enable trial preparation and minimize the danger of surprise.

However, the Court must balance the Government's correct reading of the applicable statute. 18 U.S.C. § 2261A criminalizes a course of conduct, not specific singular acts. Accordingly, it would be improper for this Court to order a bill of particulars to identify one, or several relevant actions, out of many. First, specific identification of actions or violations would be contrary to the statute, which requires a more expansive

---

[8] Docket 32.
[9] See *id.*

*United States v. Hernandez-Zamora*  
Order Granting in Part Bill of Particulars

Case No. 3:21-cr-00062-JMK  
Page 2

Case 3:21-cr-00062-MAH    Document 217    Filed 05/16/24    Page 3 of 4

"course of conduct." Second, forcing the identification of specific dates/acts risks intruding upon the Government's role to prosecute and set its own trial strategy.

**IT IS THEREFORE ORDERED** that the Motion for Bill of Particulars at Docket 203 is **GRANTED IN PART** as to the request for a range of dates and applicable protective orders. Specifically, the Government shall provide (1) one or more ranges of dates to help defense counsel identify relevant communications, acts, or other details; and (2) identify any relevant and material protective order(s). **IT IS FURTHER ORDERED** that the Motion for Bill of Particulars at Docket 203 is **DENIED IN PART** as to the requests of specific means of communication and the discrete occasions of offenses committed.

IT IS SO ORDERED this 16th day of May, 2024, at Anchorage, Alaska.

          */s/ Joshua M. Kindred*
          JOSHUA M. KINDRED
          UNITED STATES DISTRICT JUDGE

*United States v. Hernandez-Zamora*  Case No. 3:21-cr-00062-JMK
Order Granting in Part Bill of Particulars  Page 2
Case 3:21-cr-00062-MAH   Document 217   Filed 05/16/24   Page 4 of 4